UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

MARGUERITE DEPEW SCHNEID,                    Case No. 3:07-bk-02179-JAF

         Debtor.                              Chapter 13

---

### RENEWED AND AMENDED

### MOTION BY CREDITOR SECRETARY OF VETERANS AFFAIRS TO DISMISS CASE WITH PREJUDICE, TO PREVENT THE REFILNG OF A BANKRUPTCY PETITION BY DEBTOR AND HER SPOUSE, JOHN E. SCHNEID AND BY EXTENDING THE PREJUDICE PERIOD FOR TWO YEARS FROM DATE OF DISMISSAL OF PENDING CASE AND FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

Creditor, SECRETARY OF VETERANS AFFAIRS by and through its undersigned counsel files this Renewed and Amended Motion to Dismiss Case with Prejudice, to Prevent the Refiling of a Bankruptcy Petition by Debtor and her spouse, John E. Schneid by Extending the Prejudice Period for two years from date of dismissal of pending case and for sanctions and states as follows:

### I. INTRODUCTION

This is a case of serial bankruptcy filers who have taken advantage of the bankruptcy code in order to prevent the foreclosure of their house, The debtor and her spouse have been stalling the foreclosure of their house since 2001 by engaging in bad faith practices in this Court.

### II. CHRONOLOGY

1.     On **November 16, 2001**, the Veterans Administration (Secretary of Veterans Affair, an Officer of the United States of America) (hereinafter "The VA") filed its complaint for

foreclosure against the debtor and her spouse John E. Schneid. The foreclosure sale was set for **April 16, 2002.** See attached Exhibit A.

2.      On **April 16th, 2002**, Marguerite Depew Schneid, under Case No. 3:02-bk-03443-JAF, filed her first Chapter 13 Bankruptcy Petition.  The case was dismissed on **October 18th, 2002** for failure to file timely Certifications [DE#14]. Attached as Exhibit B is a copy of docket sheet.

3.      The VA promptly reset the foreclosure sale for **December 17, 2002**.  See attached Exhibit C.

4.      On **December 16, 2002**, John E. Schneid under Case No. 3:02-bk-12305-JAF, filed a Chapter 13 Bankruptcy Petition.  The case was dismissed on **August 13, 2003** for failure to bring Interim Payments Current under the Plan.   Attached as Exhibit D is a copy of August 13, 2003 Order Dismissing the Case.

5.      On **September 3, 2003**, John E. Schneid under Case No. 3:03-bk-08966-JAF filed a Chapter 13 Bankruptcy Petition.  The case was dismissed on **May 3, 2004,** for failure to bring Interim payments current under the plan pursuant to a February 12, 2004, Court Order. Attached as Exhibit E is a copy of the May 3rd, 2004, Order Dismissing the Bankruptcy Petition.

6.      On **June 30, 2004**, John E. Schneid under Case No. 3:04-bk-06751-JAF, filed a Chapter 13 Bankruptcy Petition.  The case was dismissed on **November 28th, 2005** for failure to make plan payments. Attached as Exhibit F is a copy of the November 28th, 2005 Order Dismissing the Petition.

7.      On **March 8, 2006**, The VA obtained a foreclosure sale date of **April 19, 2006.**

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

See attached Exhibit G. That sale was cancelled by The VA based on Debtor's attempts to refinance. See attached Exhibit H.

8.    On **August 4th, 2006** a Fifth Amendment to Summary Judgment was entered. Another, foreclosure sale date was scheduled for **September 8th, 2006.** Attached as Exhibit I is a copy of Fifth Amendment to Summary Judgment. That sale was cancelled for similar reasons.

9.    On **November 30th, 2006** a Sixth Amendment to Final Summary Judgment of Foreclosure was entered . Another foreclosure sale was scheduled for **January 4th, 2007.** See attached Exhibit J. That sale was cancelled in an effort to amicably resolve the matter. See Exhibit K.

10.    **April 16, 2007** The VA sought to reschedule the foreclosure sale. That sale was set for **May 29, 2007.** See attached Exhibit L.

11.    On **May 25th, 2007,** Marguerite Depew Schneid, under Case No. 3:07-bk-02179-JAF filed the instant Chapter 13 Bankruptcy Petition.

12.    On **January 9, 2008,** this Court conducted a hearing on the Trustee's Motion to dismiss due to Debtor's failure to make plan payments and verbally provided Debtor forty five (45) days to bring her plan current.

13.    On **February 25, 2008,** this Court entered its Order Denying the Motion to Dismiss and provided Debtor (45) days from the date of the Order to bring her plan current. (Exhibit "M").

14.    On **March 13, 2008,** this Court entered its Amended Order Denying the Motion

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

to Dismiss and provided Debtor (45) days from the date of the Amended Order to bring her plan current. (Exhibit "N").

15.     Despite having over ninety (90) days to bring her plan current, Debtor has not done so.

16.     Even if Debtor had brought her plan current, the plan does not fully include the timely filed Proof of Claim of this Creditor. The SECRETARY OF VETERANS AFFAIRS has repeatedly asked the Trustee to correct same, but the Trustee has ignored those requests. The Plan shows an arrearage of $27,500.00. The arrearage is actually $60,001.07. The plan payment of five hundred ($500.00) per month on the arrearage is insufficient.

## III. ARGUMENT AND MEMORANDUM OF LAW

This Court may consider the presence of circumstantial factors to determine whether a bankruptcy filing is a bad faith filing. In re: Canbec Investment Corporation, 349 B.R. 915 (Bkrtcy.M.D.Fla. 2006). Some of the factors the Court may consider include whether the Debtor has only one asset, few unsecured creditors, few employees, a pending foreclosure action, and the timing of the bankruptcy filing evidencing an intent to delay or frustrate the efforts of the Debtor's secured creditor. Id. at 918.

Additionally, the instant case falls squarely within the fact pattern of In Re: Selinsky, 365 BR 260 (Bkrtcy S.D. Fla. 2007). Selinsky similarly dealt with serial bankruptcy filers who were trying to frustrate a mortgage lender by filing "tag-team" petitions by one spouse or the other. In Selinsky, the Chapter 13 case at issue was the third bankruptcy case filed by the Debtor-Wife in a period of just over five (5) years and was the fifth case filed by either the Debtor or her

husband over the same time period.

In the instant case, the Debtor's bankruptcy is the fifth filing filed over the past five (5) years. In each case, the bankruptcy was dismissed.

In Selinsky, the Court found that Section 1307(c) permits a Court to dismiss a Chapter 13 Petition "for cause" (Selinsky at 262). The Court found that the test in the 11th Circuit is the "totality of the circumstances test as delineated in In Re: Kitchens, 702 F.2d 885, 886 (11th Circuit.1983) Id. The two Kitchens factors which were applicable in the Selinsky case and are similarly applicable in the instant case are the fifth and the ninth factors.

The fifth factor examines the motivations of the debtor in seeking relief under Title 11. Here, it is obvious that each bankruptcy filing was done shortly before or on a foreclosure sale date. Numerous cases hold that the filing of a bankruptcy petition merely to prevent a foreclosure without the ability or intention to reorganize, is an abuse of the Bankruptcy Code. Id at 262, and cases cited therein.

> "The serial filings and the Debtor's failure to complete, or even make legitimate attempts to complete, the plans he has proposed in these cases, or otherwise to pay his state court ordered child support, demonstrates bad faith."

Id. at 262-263.

The ninth Kitchens factor examines the frequency that the Debtor has sought protection under the Bankruptcy Laws. Id. at 263. In Selinsky, the Court held that the Debtor who filed three (3) cases in the prior six (6) years, received a discharge under Chapter 7, became ineligible to receive another for at least two (2) years and yet still continued to file Chapter 13 cases demonstrated a "clear and overt disregard for the integrity of the bankruptcy process; and simply put, is nothing short of abuse." Id. at 263. Based upon those two (2) factors, the Selinsky Court

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

dismissed Debtor's Petition.  This Court should do the same.  However, as was the case in Selinksy, a mere dismissal would be insufficient to prevent further abuses of the bankruptcy process.  Accordingly, this Court should consider additional remedies.  In Selinsky, the Court awarded the following relief:

        a.        Granted the secured creditor prospective stay relief;

        b.        Dismissed the Debtor's case with prejudice and barred her from filing a new bankruptcy case in any United States Bankruptcy Court for a period of two (2) years; and

        c.        Barred her spouse from filing a new bankruptcy case in a United States Bankruptcy Court for a period of two (2) years. Id. at  264.

The Selinsky Court found that prospective stay relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures.  Id. at 264.  The stay relief attaches to the property, and not necessarily the parties.  Thus, any subsequent bankruptcy filings by the Debtor or third party transferees would not affect the property.  Finally, the Court found that the Debtor and her spouse acted in such concert to abuse the automatic stay provisions of the Bankruptcy Code that the non-filing spouse was charged with constructive notice of the proceeding and therefore the *in rem* relief bound the spouse even though the spouse was not noticed for the hearing or a party to the bankruptcy case. Id. at 265.


## IV. SUMMARY AND CONCLUSION

WHEREFORE, based upon the Debtor's bad faith filings, frustration of the V.A.'s foreclosure process, failure to make timely payments, and failure to include this Creditor's claim, the creditor, SECRETARY OF VETERAN AFFAIRS, respectfully requests that this Court grant the following relief:

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

a.     Dismiss the instant bankruptcy case and bar the Debtor from filing any bankruptcy case in any United States Bankruptcy Court for a period of two (2) years;

b.     Bar the Debtor's spouse from filing a new bankruptcy case in any United States Bankruptcy Court for a period of two (2) years; and

c.     Grant secured creditor, SECRETARY OF VETERAN AFFAIRS, prospective stay relief to prevent any third party transferee from stopping the foreclosure sale of the subject property.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing have been furnished this 29 day of April, 2008 to all parties attached service list.

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
SDavis@beckerpoliakoff.com


By: _____
Steven M. Davis, Esq.
Florida Bar No. 894249

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

## SERVICE LIST

Lansing J. Roy, Esq.
PO Box 10399
Jacksonville, FL 32247

Clifton M. Surrency, Jr.
12013 Arbor Lake Drive
Jacksonville, FL 32225

J. Carolyn Surrency
12013 Arbor Lake Drive
Jacksonville, FL 32225

Mankus Properties
3820-2 Williamsburg Park Blvd.
Jacksonville, FL 32257

MIA_DB: 1046960_1
4/29/08 3:13 PM

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.  01-7734-CA

DIVISION  CV-E

SECRETARY OF VETERANS AFFAIRS,

     Plaintiff,

vs.

JOHN E. SCHNEID, et al.,

     Defendant(s).

## SUMMARY JUDGMENT OF FORECLOSURE

This action was heard on Plaintiff's Motion for Summary Judgment against the Defendant(s) JOHN E. SCHNEID; MARGUERITE D. SCHNEID; CLIFTON M. SURRENCY, JR.; J. CAROLYN SURRENCY and upon the Affidavits filed herein, it is ADJUDGED that:

1.    Plaintiff's Motion for Summary Judgment is granted.

2.    That certain lost promissory note more particularly described in Count of Plaintiff's Complaint, is hereby re-established pursuant to Section 71.011, Florida Statutes.

3.    The mortgage more particularity described in Plaintiff's Complaint is hereby reformed so that the legal description of the property shall be identical to that set forth in this judgment.

4.    Plaintiff is owed the following sums by Defendant(s) JOHN E. SCHNEID; MARGUERITE D. SCHNEID:

| | |
|---|---|
| Unpaid Principal Balance | $ 88,311.21 |
| Accrued interest thereon from 7/1/00 through 12/31/01 at 7.750% per annum | 10,258.36 |
| Interest at $18.75 per day from 1/1/02 to date of this judgment | 1,332.25 |
| Late Charges Prior to Acceleration | 350.05 |



EXHIBIT

A

```
Escrow Advances:
  Hazard Insurance              731.00
  Property Inspections          157.50
  Taxes                       1,577.32
  Appraisal                     300.00        2,765.82

Costs Advanced by Plaintiff's Attorney            367.50

Plaintiff's Attorney's Fee                      1,000.00

     TOTAL DUE                              $104,385.19
```

5.    The Court specifically finds that the hours expended through the conclusion of this action, the hourly rates charged therefor, and the total fee amount awarded are reasonable under the circumstances of this case and that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).

6.    Plaintiff holds a lien for the total sum superior to any claim or estate of the Defendant(s), on the following described property in Duval County, Florida:

> Lot 16, Block 2, SANS SOUCI, SECTION ONE, according to plat thereof as recorded in Plat Book 25, page 16, of the current public records of Duval County, Florida.

7.    If the total due, with interest at the rate prescribed by law and all costs of this action accruing subsequent to this Judgment, are not paid, the Clerk of this Court shall sell the property at public sale on __April 16, 2002__, between 11:00 a.m. and 2:00 p.m., to the highest bidder for cash, except as set forth hereinafter, at the Northeasternmost Bay Street front entrance of the Duval County Courthouse, Jacksonville, Florida, in accordance with F.S. §45.031. The Clerk shall not conduct the sale unless the Plaintiff or its representative is present to bid at the sale.

8. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property at the sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment or such part of it as is necessary to pay the bid in full. If Plaintiff is not the successful bidder at the sale, the successful bidder shall pay the Registry Fee and any applicable documentary stamp tax on the Certificate of Title.

9. If, subsequent to the date of this Judgment and prior to the sale contemplated herein, Plaintiff is required to advance any monies to protect its mortgage lien, then Plaintiff or its attorneys shall so certify to the Clerk of this Court, and the amount found due to Plaintiff shall be increased by the amount of such advances without further order of this Court.

10. Plaintiff may direct the Clerk to issue the Certificate of Title in the name of a nominee at any time before issuance of certificate.

11. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: (1) all of Plaintiff's costs; (2) Plaintiff's attorneys' fees; (3) the total sum due to Plaintiff less the items paid, plus interest at the rate prescribed by law from this date to the date of the sale. The Clerk shall retain any amount remaining pending the further order of this Court.

12. On filing the Certificate of Sale, the Defendant(s), and all persons claiming by, through, under or against the Defendant(s)

since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at the sale, its representatives or assigns, shall be let into possession of the property. In the event the premises located at 2120 Belinda Circle, Jacksonville, Florida are not vacated within ten (10) days of the date of the sale, the Clerk of the Court is directed to issue a Writ of Possession without the necessity of any further order from this Court.

13. The Clerk of the Court is directed to release to Plaintiff's counsel the original Note, Mortgage, and Assignment(s) of Mortgage, or any certified copies thereof, and substitute copies therefor.

14. Jurisdiction of this action is retained to enter further orders as are proper.

ORDERED at Jacksonville, Florida, on _____.

**ORDER ENTERED**

MAR 1 2 2002 Circuit Judge

/s/ Bernard Nachman

Copies to:

Donald L. Smith, Esquire
Attorney for Plaintiff
500 North Ocean Street
Jacksonville, FL 32202

JOHN E. SCHNEID
and MARGUERITE D. SCHNEID
2120 Belinda Circle
Jacksonville, FL 32216

CLIFTON M. SURRENCY, JR.
and J. CAROLYN SURRENCY
12013 Arbor Lake Drive
Jacksonville, FL 32225

# U.S. Bankruptcy Court
## Middle District of Florida (Jacksonville)
### Bankruptcy Petition #: 3:02-bk-03443-JAF

*Assigned to:* Jerry A. Funk
Chapter 13
Voluntary
Asset

**Date Filed: 04/16/2002**
*Date Terminated:* 01/24/2003
*Date Dismissed:* 10/18/2002

**Debtor**
**Marguerite Depew Schneid**
2120 Belinda Circle
Jacksonville, FL 32216
SSN: xxx-xx-6469

represented by **Lansing J. Roy**
Bankruptcy Law Firm of Lansing
J. Roy
P O Box 10399
Jacksonville, FL 32247-0399
904-391-0030
Fax : 904-391-0031
court@jacksonvillebankruptcy.com

**Trustee**
**Mamie L. Davis**
PO Box 4308
Jacksonville, FL 32201
904-358-6465

| Filing Date | # | Docket Text |
|---|---|---|
| 04/16/2002 | 1 | Voluntary petition under chapter 13 907010 - 185.00, [JW ], ORIGINAL NIBS DOCKET ENTRY #1 (Entered: 04/17/2002) |
| 04/17/2002 | 2 | Notice of 341 meeting on 06/03/2002 at 8:00 a.m. at 311 West Monroe Street, Room 143C, Jacksonville, FL 32202, [JW ], ORIGINAL NIBS DOCKET ENTRY #2 (Entered: 04/17/2002) |
| 04/17/2002 | 3 | Claims Bar Date due on 09/03/2002, [JW ], ORIGINAL NIBS DOCKET ENTRY #3 (Entered: 04/17/2002) |
| 04/18/2002 | 4 | ORDER to File Federal Employment Tax Returns and to deposit Taxes , [CP ], ORIGINAL NIBS DOCKET ENTRY #4 (Entered: 04/19/2002) |
| 04/18/2002 | 5 | ORDER of Impending Dismissal re: failure to file, schedules, stmt of affairs, plan & discl. of compensation , [CP ], ORIGINAL NIBS DOCKET ENTRY #5 (Entered: 04/19/2002) |
| 05/01/2002 | 6 | SCHEDULES and Statement of Affairs , [SS ], ORIGINAL NIBS DOCKET ENTRY #6 (Entered: 05/01/2002) |

**EXHIBIT**
B

| | | |
|---|---|---|
| 05/01/2002 | 7 | Attorney Statement of Compensation , [SS ], ORIGINAL NIBS DOCKET ENTRY #7 (Entered: 05/01/2002) |
| 05/01/2002 | 8 | CHAPTER 13 Plan , [SS ], ORIGINAL NIBS DOCKET ENTRY #8 (Entered: 05/01/2002) |
| 05/24/2002 | 9 | Notice of Appearance & Request for Service by Sharon L. Simmons a/f USA by and through the Secretary of Veteran Affairs, [SC ], ORIGINAL NIBS DOCKET ENTRY #9 (Entered: 05/24/2002) |
| 05/24/2002 | 10 | MOTION for Adequate Protection filed by USA by and through the Secretary of Veteran Affairs on , [SC ], ORIGINAL NIBS DOCKET ENTRY #10 (Entered: 05/24/2002) |
| 06/03/2002 | 11 | PRO MEMO re 341 Mtg - Mtg. Concluded , [SS ], ORIGINAL NIBS DOCKET ENTRY #11 (Entered: 06/04/2002) |
| 06/04/2002 | 12 | ORDER Granting Adequate Protection re Secretary of Veterans Affairs, [SS ], ORIGINAL NIBS DOCKET ENTRY #12 (Entered: 06/04/2002) |
| 06/21/2002 | 13 | CONSENT to Relief from Stay by Trustee and/or Adequate Protection re Secretary of Veterans Affairs, [SS ], ORIGINAL NIBS DOCKET ENTRY #13 (Entered: 06/21/2002) |
| 10/18/2002 | 14 | ORDER Dismissing Case of Debtor & Trustee to File Timely Certifications, [PM ], ORIGINAL NIBS DOCKET ENTRY #14 (Entered: 10/18/2002) |
| 10/31/2002 | 15 | FINAL REPORT of Chapter 13 Trustee , [RR ], ORIGINAL NIBS DOCKET ENTRY #15 (Entered: 11/01/2002) |
| 01/24/2003 | 16 | Order Approving Ch 13 Tee's Report & Discharging Tee , [PM ], ORIGINAL NIBS DOCKET ENTRY #16 (Entered: 01/24/2003) |
| 01/24/2003 | 17 | B100B Closing Report , [PM ], ORIGINAL NIBS DOCKET ENTRY #17 (Entered: 01/24/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/18/2008 09:41:38 | | |
| PACER | | Client |

| Login: | bp0042 | Code: | u06092093890 jfl |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 3:02-bk-03443-JAF Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| Billable Pages: | 1 | Cost: | 0.08 |

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.   01-7734-CA; CV-E

SECRETARY OF VETERANS AFFAIRS,
an officer of the United States
of America,

     Plaintiff,

vs.

JOHN E. SCHNEID, et al.,

     Defendant(s).

_____

## AMENDMENT TO SUMMARY JUDGMENT OF FORECLOSURE

     This action was heard on Plaintiff's Motion to Amend Summary Judgment of Foreclosure, and it is ADJUDGED that:

     1.   The Summary Judgment of Foreclosure dated March 12, 2002 is amended to provide a new foreclosure sale date of _Dec. 17, 2002_ at ____ ~~between~~ 11:00 a.m. ~~and 2:00 p.m.~~ at the front entrance of the Duval County Courthouse, Jacksonville, Florida.

     2.   In all other respects, the Summary Judgment of Foreclosure dated March 12, 2002 shall remain unchanged.

     ORDERED at Jacksonville, Duval County, Florida, on the _____ day of November, 2002.

ORDER ENTERED

NOV 1 5 2002

/s/ L. HALDANE TAYLOR
_____
Circuit Judge

Copies to:

DONALD L. SMITH, ESQUIRE
Attorney for Plaintiff
500 North Ocean Street
Jacksonville, FL 32202

JOHN E. SCHNEID
2120 Belinda Circle
Jacksonville, FL 32216

EXHIBIT
_C_

MARGUERITE D. SCHNEID
2120 Belinda Circle
Jacksonville, FL 32216

CLIFTON M. SURRENCY, JR.
12013 Arbor Lake Drive
Jacksonville, FL 32225

J. CAROLYN SURRENCY
12013 Arbor Lake Drive
Jacksonville, FL 32225

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NO: 02-12305-BKC-3F3

IN RE:

JOHN EDWARD SCHNEID

     Debtor

---

## ORDER OF DISMISSAL

Pursuant to 11 U.S.C. § 1307, it is

**ORDERED:**

1.    This case is dismissed.

2.    The automatic stay imposed by 11 U.S.C. §362 and the stay of action against codebtor imposed by 11 U.S.C. § 1301 are lifted.

3.    The Trustee shall retain $108.28 from funds deposited by Debtor pursuant to 11 U.S.C. § 503(b) as expenses, and refund to the Debtor the balance of $-0-, as required by 11 U.S.C. § 1326.

**DATED** August _13_, 2003, at Jacksonville, Florida.

                            JERRY A. FUNK
                            United States Bankruptcy Judge

Copies to:
Debtor
Lansing J. Roy, Debtor's Attorney
Mamie L. Davis, Trustee
U. S. Trustee
All Interested Parties

#830/30

EXHIBIT

D

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CASE NO: 03-08966-BKC-3F3

IN RE:

JOHN EDWARD SCHNEID

Debtor

## ORDER OF DISMISSAL

Pursuant to 11 U.S.C. § 1307, it is

ORDERED:

1.    This case is dismissed.

2.    The automatic stay imposed by 11 U.S.C. §362 and the stay of action against codebtor imposed by 11 U.S.C. § 1301 are lifted.

3.    The Trustee shall retain $105.00 from funds deposited by Debtor pursuant to 11 U.S.C. § 503(b) as expenses, and refund to the Debtor the balance of $-0-, as required by 11 U.S.C. § 1326.

DATED April May 3, 2004, at Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
Debtor
Christopher DeMetros, Debtor's Attorney
Mamie L. Davis, Trustee
U. S. Trustee
All Interested Parties

#830/30

EXHIBIT

E

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NO: 3:04-BK-06751-JAF

IN RE:

JOHN EDWARD SCHNEID

      Debtor(s)

---

## ORDER OF DISMISSAL

Pursuant to 11 U.S.C. § 1307, it is

**ORDERED**:

1.  This case is dismissed.

2.  The automatic stay imposed by 11 U.S.C. §362 and the stay of action against codebtor imposed by 11 U.S.C. § 1301 are lifted.

3.  The Trustee shall retain $5.00 from funds deposited by Debtor pursuant to 11 U.S.C. § 503(b) as expenses, and refund to the Debtor the balance of $-0-, as required by 11 U.S.C. § 1326.

**DATED** November 28, 2005, at Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
Debtor
Christopher R. Demetros, Debtor's Attorney
Mamie L. Davis, Trustee
U. S. Trustee
All Interested Parties

#830/30


EXHIBIT
F

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2001-CA-07734

CASE NO.: CV-E

SECRETARY OF VETERANS AFFAIRS,
an Officer of the United States of America,

    Plaintiff,

vs.

JOHN E. SCHNEID, et al.

    Defendants.

## FOURTH AMENDMENT TO SUMMARY JUDGEMENT OF FORECLOSURE

This action was heard on Plaintiff's Motion for Fourth Amendment to Summary Judgment of Foreclosure and for Attorney's Fees against the Defendant, it is

ADJUDGED that:

1. Plaintiff's Motion for Fourth Amendment to Summary Judgment and for Attorney's Fees is granted.

2. The Plaintiff is owed the following additional sums, which have been incurred by Plaintiff since the entry of said Summary Judgment of Foreclosure dated March 12, 2002:

| | |
|---|---|
| Judgment Amount entered: | $104,385.19 |
| Accrued interest thereon from 3/12/02 through 3/14/06 at 6% per annum | 25,053.60 |

Additional Advances since date of Judgment: March 12, 2002:

| | |
|---|---|
| Hazard Insurance Premium | $2,798.94 |
| Property Preservation (Cleaning & Securing) | 278.00 |
| Ad Valorem Taxes | 3,828.27 |
| Total Additional Advances | 6,905.21 |



EXHIBIT
G

| | |
|---|---|
| Additional Costs Advanced by Plaintiff's Attorney | 659.00 |
| TOTAL ADDITIONAL INTEREST AND COSTS INCURRED SINCE JUDGMENT OF 3/12/06 | $32,617.81 |
| Less Principal paid after 3/12/02 | -904.46 |
| TOTAL DUE | $136,098.54 |

3.     The Summary Judgment of Foreclosure is amended to provide a new foreclosure sale date of *April 19*, 2006 at 11:00 a.m.

4.     In all other respects, the Summary Judgment of Foreclosure dated March 12, 2002 shall remain unchanged.

ORDERED at Jacksonville, Duval County, Florida this ___ day of _____, 2006.

_____
CIRCUIT JUDGE

cc:   Rachel McClelland, Esquire
      P.O. Box 6279
      Jacksonville, FL 32236

      Lansing J. Roy, Esquire
      P.O. Box 10399
      Jacksonville, FL 32247

      Marguerite D. Schneid
      2120 Belinda Circle
      Jacksonville, FL 32216

      Clifton M. Surrency, Jr.
      12013 Arbor Lake Drive
      Jacksonville, FL 32225

      J. Carolyn Surrency
      12013 Arbor Lake Drive
      Jacksonville, FL 32225

**ORDER ENTERED**

**MAR 1 4 2006**

**/s/ Bernard Nachman**

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2001-CA-07734

CASE NO.: CV-E

SECRETARY OF VETERANS AFFAIRS,
an Officer of the United States of America,

        Plaintiff,

vs.

JOHN E. SCHNEID, et al.

        Defendants.

_____

## NOTICE OF CANCELLATION OF SALE

Plaintiff, by and through its undersigned counsel, hereby cancels the sale scheduled in the above referenced matter, set for Wednesday, April 19, 2006 at 11:00 a.m.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Lansing J. Roy, Esquire, attorney for John E. Schneid, P.O. Box 10399, Jacksonville, FL 32247; Marguerite D. Schneid, 2120 Belinda Circle, Jacksonville, FL 32216; Clifton M. Surrency, Jr., 12013 Arbor Lake Drive, Jacksonville, FL 32225; J. Carolyn Surrency, 12013 Arbor Lake Drive, Jacksonville, FL 32225, via U.S. Mail, this 19th day of April, 2006.

                *Rachel McClelland*

                Rachel McClelland
                Florida Bar No. 0643335
                P.O. Box 6279
                Jacksonville, Florida 32236
                Telephone: (904) 693-4392
                Facsimile: (904) 693-4393

**EXHIBIT**

H

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2001-CA-07734

CASE NO.: CV-E

SECRETARY OF VETERANS AFFAIRS,
an Officer of the United States of America,

        Plaintiff,

vs.

JOHN E. SCHNEID, et al.

        Defendants.

---

## FIFTH AMENDMENT TO SUMMARY JUDGEMENT OF FORECLOSURE

This action was heard on Plaintiff's Motion for Fourth Amendment to Summary Judgment of Foreclosure and for Attorney's Fees against the Defendant, it is

ADJUDGED that:

1.    Plaintiff's Motion for Fourth Amendment to Summary Judgment and for Attorney's Fees is granted.

2.    The Plaintiff is owed the following additional sums, which have been incurred by Plaintiff since the entry of said Summary Judgment of Foreclosure dated March 14, 2006:

| | |
|---|---|
| Judgment Amount entered: | $136,098.54 |
| Accrued interest thereon from 3/14/06 through 8/3/06 at 6% per annum | 3,199.25 |
| Additional Costs Advanced by Plaintiff's Attorney | 145.00 |
| TOTAL AMOUNT DUE | $139,442.79 |

3.    The Summary Judgment of Foreclosure is amended to provide a new foreclosure sale date of September 8, 2006 at 11:00 a.m.



EXHIBIT
I

4.    In all other respects, the Summary Judgment of Foreclosure dated March 12, 2002 shall remain unchanged.

ORDERED at Jacksonville, Duval County, Florida this ____ day of _____, 2006.

CIRCUIT JUDGE

ORDER ENTERED

AUG / 4 2006

/s/ Bernard Nachman

cc:    Rachel McClelland, Esquire
P.O. Box 6279
Jacksonville, FL 32236

John Schneid
2120 Belinda Circle
Jacksonville, FL 32216

Marguerite D. Schneid
2120 Belinda Circle
Jacksonville, FL 32216

Clifton M. Surrency, Jr.
12013 Arbor Lake Drive
Jacksonville, FL 32225

J. Carolyn Surrency
12013 Arbor Lake Drive
Jacksonville, FL 32225

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2001-CA-07734

CASE NO.: CV-E

SECRETARY OF VETERANS AFFAIRS,
an Officer of the United States of America,

                Plaintiff,

vs.

JOHN E. SCHNEID, et al.

                Defendants.

---

## SIXTH AMENDMENT TO FINAL SUMMARY JUDGEMENT OF FORECLOSURE

This action was heard on Plaintiff's Motion for Sixth Amendment to Summary Judgment of Foreclosure and for Attorney's Fees against the Defendant, it is

ADJUDGED that:

1.    Plaintiff's Motion for Sixth Amendment to Summary Judgment and for Attorney's Fees is granted.

2.    The Plaintiff is owed the following additional sums, which have been incurred by Plaintiff since the entry of Fifth Amendment to Final Summary Judgment of Foreclosure dated August 4, 2006:

| | |
|---|---|
| Judgment Amount entered: | $139,442.79 |
| Accrued interest thereon from 8/4/06 through 11/30/06 at 6% per annum | 2,704.81 |
| Additional Costs Advanced by Plaintiff's Attorney | 145.00 |
| TOTAL AMOUNT DUE | $142,292.60 |



EXHIBIT

3.    The Fifth Amendment to Final Summary Judgment of Foreclosure is amended to provide a new foreclosure sale date of _January 4_ , 200_7_ at 11:00 a.m.

4.    In all other respects, the Fifth Amendment to Final Summary Judgment of Foreclosure dated August 4, 2006 shall remain unchanged.

ORDERED at Jacksonville, Duval County, Florida this ____ day of _____, 2006.

**ORDER ENTERED**

NOV 3 0 2006

_____
CIRCUIT JUDGE

/s/ Bernard Nachman

cc:    Rachel McClelland, Esquire
P.O. Box 6279
Jacksonville, FL 32236

John Schneid
2120 Belinda Circle
Jacksonville, FL 32216

Marguerite D. Schneid
2120 Belinda Circle
Jacksonville, FL 32216

Clifton M. Surrency, Jr.
12013 Arbor Lake Drive
Jacksonville, FL 32225

J. Carolyn Surrency
12013 Arbor Lake Drive
Jacksonville, FL 32225

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2001-CA-07734

CASE NO.: CV-E

SECRETARY OF VETERANS AFFAIRS,
an Officer of the United States of America,

        Plaintiff,

vs.

JOHN E. SCHNEID, et al.

        Defendants.

---

## NOTICE OF CANCELLATION OF SALE

    Plaintiff, by and through its undersigned counsel, hereby cancels the sale scheduled in the above referenced matter, set for Thursday, January 4, 2007 at 11:00 a.m.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished to Lansing J. Roy, Esquire, attorney for John E. Schneid, P.O. Box 10399, Jacksonville, FL 32247; Marguerite D. Schneid, 2120 Belinda Circle, Jacksonville, FL 32216; Clifton M. Surrency, Jr., 12013 Arbor Lake Drive, Jacksonville, FL 32225; J. Carolyn Surrency, 12013 Arbor Lake Drive, Jacksonville, FL 32225, via U.S. Mail, this 5th day of January, 2007.

                        Rachel McClelland
                        Florida Bar No. 0643335
                        P.O. Box 6279
                        Jacksonville, Florida 32236
                        Telephone: (904) 693-4392
                        Facsimile: (904) 693-4393
                        Attorney for Plaintiff



EXHIBIT

tabbies®

K

IN THE CIRCUIT COURT OF THE 4TH JUDICIAL
CIRCUIT, IN AND FOR DUVAL COUNTY,
FLORIDA

JUDGE: BERNARD NACHMAN

DIVISION: CV-E

CASE NO. 2001-CA-07734

SECRETARY OF VETERANS AFFAIRS,
an Officer of the United States of America,

      Plaintiff,

v.

JOHN E. SCHNEID, ET AL.,

      Defendants.

_____

## ORDER RESCHEDULING FORECLOSURE SALE

    This cause having come before the Court on Plaintiff's Secretary of Veterans Affairs Motion to Reschedule the Foreclosure Sale, and the Court being fully advised in the premises, it is

**ORDERED AND ADJUDGED:**

    1.    The Foreclosure Sale is rescheduled for at 11:00 A.M. on the ____29th____ day of ____May____ 2007, to the highest bidder or bidders for cash, except as prescribed in paragraph 4, at the Northeastermmost Bay Street front entrance of the Duval County Courthouse, Jacksonville, FL. The Property described as:

    **LOT NO. 16, BLOCK 2 SAN SOUCI, SECTION ONE, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 25, PAGE 16, OF THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA A/K/A 2120 BELINDA CIRCLE, JACKSONVILLE, FL 32216.**

    2.    The Clerk of Court shall not conduct the Sale unless Plaintiff or Plaintiff's representative is present.

    DONE AND ORDERED in Duval County, Florida _____ day of _____, 2007.

ORDER ENTERED

APR 3 2007

_____
Bernard Nachman
**BERNARD NACHMAN**
**CIRCUIT COURT JUDGE**

**Copies furnished to:**
All Parties on the attached service list

**EXHIBIT**

tabbies®

L

## SERVICE LIST

Lansing J. Roy, Esq.
PO Box 10399
Jacksonville, FL 32247

Marguerite D. Schneid
2120 Belinda Circle
Jacksonville, FL 32216

Clifton M. Surrency, Jr.
12013 Arbor Lake Drive
Jacksonville, FL 32225

J. Carolyn Surrency
12013 Arbor Lake Drive
Jacksonville, FL 32225

Steven M. Davis, Esquire
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:                                    CASE NO: 3:07-bk-2179-JAF
MARGUERITE DEPEW SCHNEID
    Debtor(s)

----------------------------------

## ORDER DENYING MOTION TO DISMISS
## FILED BY TRUSTEE AND SECRETARY OF VETERANS AFFAIRS

This case came for hearing on Trustee's Motion, dated January 9, 2008, to dismiss for failure to make payments under a confirmed chapter 13 plan and Secretary of Veterans Affairs' Motion dated January 18, 2008. Upon the evidence presented, the Court finds that the Debtor(s) is/are in arrears under the plan in the total amount of **$3,452.71**. The Debtor(s) explained the cause of the arrearage and indicated the ability to continue the regular payments and have all arrearages cured within 45 days. has the right to seek prospective relief. The Trustee had no objection.

Accordingly, it is **ORDERED**:

**The Motion is denied provided:**

1.    **Debtor(s) continue regular payments with the payment due February 24, 2008, and the same day of each month thereafter.**

2.    **Debtor(s) cure all arrearages within 45 days of the date of this order.**

3.    **In the event Debtor(s) fail to make the payments or cure the arrearage as set forth above within five (5) days of any of the above described payment due dates, the Court may dismiss the case on affidavit of the Trustee without further notice or hearing. (For the purpose of this Order payment is not "made" until received by the Trustee.)**

4.    **Nothing in this Order bars the Secretary of Veterans Affairs from pursuing any rights they have under the Bankruptcy Code in seeking relief.**

**DONE AND ORDERED** in Jacksonville, Florida, this 25 day of February, 2008.

JERRY A. FUNK
United States Bankruptcy Judge

Copies furnished to:
Debtor
Christopher Demetros, Debtor's Attorney
Douglas W. Neway, Trustee
All Interested Parties

**EXHIBIT**

M

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:                                                    CASE NO: 3:07-bk-02179-JAF
MARGUERITE DEPEW SCNEID

       Debtor(s)

-----------------------------------

## AMENDED ORDER DENYING MOTIONS TO DISMISS FILED BY THE TRUSTEE AND THE SECRETARY OF VERTERANS AFFAIRS

### Amended To Show Correct Ruling By The Court.

    This case came for hearing on Trustee's Motion, dated January 9, 2008, to dismiss for failure to make payments under a confirmed chapter 13 plan and Secretary of Veterans Affairs' Motion dated January 18, 2008. Upon the evidence presented, the Court finds that the Debtor(s) is/are in arrears under the plan in the total amount of **$3,452.71.** The Debtor(s) explained the cause of the arrearage and indicated the ability to continue the regular payments and have all arrearages cured within 45 days. The Trustee had no objection.

Accordingly, it is **ORDERED:**

    **The Motion is denied provided:**

1. **Debtor(s) continue regular payments with the payment due February 24, 2008, and the same day of each month thereafter.**

2. **Debtor(s) cure all arrearages within 45 days of the date of this order.**

3. **In the event Debtor(s) fail to make the payments or cure the arrearage as set forth above within five (5) days of any of the above described payment due dates, the Court may dismiss the case on affidavit of the Trustee without further notice or hearing. (For the purpose of this Order payment is not "made" until received by the Trustee.)**

4. **Nothing in this Order bars the Secretary of Veterans Affairs from pursuing any rights they have under the Bankruptcy Code, including prospective relief.**

**DONE AND ORDERED** in Jacksonville, Florida, this 13 day of March, 2008.

_____
Jerry A. Funk
United States Bankruptcy Judge

**EXHIBIT**

N

tabbies

Copies furnished to:
Debtor
Christopher R. Demetros, Debtor Attorney
Douglas W. Neway, Trustee
All Interested Parties